## JOSIAH T. REYNOLDS v. JOHN KELLY, *Sheriff*, &c.

The answer of a witness that the consideration of a sale of chattels was a sum of money and "one hundred acres of land," is not open to objection on the ground that it gives the contents of a deed of land not produced on the trial.

The rule that questions arising upon conflicting evidence must be left to the tribunal that hears the testimony, and sees the witnesses upon the stand, is inflexible, and the appellate court cannot invade it merely because it thinks the case warranted a different conclusion.

Reynolds v. Kelly.

Appeal by the defendant from a judgment of the Marine Court at General Term.

The facts of the case, and the grounds of appeal, are fully stated in the opinion of the Court.

*A. J. Vanderpoel* for appellant.
*Sickles & Cushing* for respondent.

BY THE COURT.—HILTON, J.—The plaintiff claims to be the owner of a certain stock of liquors taken by the defendant under an attachment issued against the property of one Jesse Johnson. The liquors appear to have originally belonged to Johnson, but now, by a bill of sale transferred by him, to the plaintiff. The transfer had been negotiated by a brother of the plaintiff, who, upon being examined as a witness, was inquired of respecting the consideration paid at the time of the purchase, and the only question this appeal presents is, whether the inquiry was properly made ; and this is raised by the objection interposed to the following question put by the Court, viz. :

" What was the consideration for the sale ?" and the answer allowed to be given by the witness thereto, which was "the indebtedness of one hundred and twenty-five dollars due for moneys loaned and one hundred acres of land," the objection seeming to be founded on the idea that the witness was inquired of, and allowed to testify, respecting the contents of a deed without its being produced.

This view is clearly a mistaken one. The question put was undoubtedly proper. Without it the plaintiff would have been deprived of the power to show that the sale from Johnson had any validity as to his creditors, as the transfer could not have been upheld unless a valuable consideration for it had been shown, and as that being established, the presumption of good faith at once attached.

Nor was the answer open to the objection stated. An answer that the consideration was a sum of money and one hundred acres of land, does not give the contents of a writing in any objectionable sense. It was in this instance merely giving a direct response to a question properly put, and to say that it should have been excluded because the deed conveying

the land was not produced, would in effect deny to a party in very many instances the privilege of proving ownership of property purchased for a vendor in embarrassed circumstances when creditors sought to avoid the sale. It is not usually in the power of a purchaser in such a case to produce a deed which he has delivered to a vendor as the consideration for the transfer, and I may add, that the fact of his having it ready to produce, unaccompanied by clear proof that he had obtained it for the purposes of the trial alone, would be a circumstance so suspicious that a Court or jury might well hesitate to uphold a transaction founded upon a consideration so within the control of the purchaser that he might at his pleasure repossess himself of it.

I regret the necessity which in this instance leads me to the conclusion that the judgment must be affirmed ; because if the case as printed correctly presents the whole of the testimony given at the trial, the proof of the plaintiff's ownership of the property and its value was so suspicious and doubtful, that a judgment in the defendant's favor would not have been disturbed. But the rule that questions arising upon conflicting evidence should be left to the tribunal that hears the testimony and sees the witness upon the stand is inflexible, and we cannot invade it merely because we think the case would seem to have warranted a different conclusion from the one arrived at.

Judgment affirmed.